## In re FIRST NAT. BANK OF PITSBURG, OHIO.

District Court, S. D. Ohio, W. D.
Nov. 8, 1938.

Hugh A. Staley, Pros. Atty., of Greenville, Ohio, for F. C. Brewer, Treasurer of Darke County, Ohio.

T. A. Billingsley, of Greenville, Ohio, for John Riesley, liquidating agent for shareholders of First Nat. Bank of Pitsburg, Ohio.

NEVIN, District Judge.

It appears from the papers filed with the Clerk of this court in the above entitled matter that one John Riesley is the liquidating agent for the shareholders of the First National Bank, of Pitsburg, Ohio.

On September 20, 1938, Hugh A. Staley, Prosecuting Attorney of Darke County, Ohio, filed a motion in the office of the Clerk of this court wherein he "now asks the Court to make an order ordering said Liquidating Agent to satisfy said judgment and costs in full and for such other relief to which he may be entitled." In his motion, the Prosecuting Attorney states in substance that the Treasurer of Darke County, Ohio, on July 12, 1937, secured a judgment in the Common Pleas Court of Darke County, Ohio, against the said John Riesley, as such liquidating agent, in the sum of one thousand three hundred sixty-nine and 27/100 ($1,369.27) dollars, together with certain costs; that said judgment was affirmed by the Court of Appeals; that it remains unsatisfied, and that the liquidating agent has sufficient funds

in his hands to satisfy the judgment and costs in full.

On October 4, 1938, John Riesley, as liquidating agent, through his counsel, T. A. Billingsley of Greenville, Ohio, filed in the office of the Clerk of this court an application wherein, while admitting that he has sufficient funds in his hands to pay the judgment and costs referred to, he represents, for the reasons set forth in his application, that he "has refused to recognize said obligation as an obligation of The First National Bank of Pitsburg, Ohio, because of the fact that said national bank is still insolvent." However, he states that "because of the nature of his trust capacity, relative to the allowance or rejection and the payment of said tax claim to the Treasurer of Darke County, Ohio" he "asks the advice and direction of the Court as to the allowance or rejection of said claim; and for all other orders that may be incidental thereto and connected with the administration of his said trust."

Counsel for the respective parties have each filed a memorandum with the court which, at the suggestion of the court, is in each instance in the form of a letter addressed to the court. It is agreed that John Riesley was elected as liquidating agent for the bank in question in accordance with the Federal Statutes. In his letter addressed to the court (October 18, 1938), counsel for the liquidating agent, among other things, says "John Riesley was elected Liquidating Agent under the provisions of the Federal Statutes, and in pursuance of the call of the Comptroller of the Currency; and the language of the section indicates that he has practically the same powers and authority as the Receiver, *except that he operates under the direction of the District Court instead of being under the control of the Comptroller of the Currency."* (Italics ours.)

The Statute providing for the election, and prescribing the duties of a liquidating agent, is Section 197, Title 12, U.S.C.A. This section provides, inter alia, that after his election the agent may sue and be sued, etc. "and may sell, compromise, or compound *the debts due to such association,* with the consent and approval of the district court of the United States for the district where the business of such association was carried on, and shall at the conclusion of his trust render to such district court a full account of all his proceedings, receipts, and expenditures as such agent, which court shall, upon due notice, settle and adjust such accounts and discharge said agent and the sureties upon said bond." (Italics ours.)

An examination of the foregoing statute (the only portion of which here pertinent is above quoted) discloses the following:

1. While the liquidating agent does to some extent operate "under the direction of the District Court" as stated by counsel for the liquidating agent in his letter, such "operation" is very limited and limited solely to such matters as are set forth in the statute.

2. Insofar as "debts" are concerned, the District Court can be called upon to act only where a question arises as to the selling, compromising, or compounding the debts *"due to* such association".

3. The liquidating agent is not an officer of the court nor are the assets or monies in his hands brought into or placed under the control of the district court. Snohomish County v. Puget Sound Nat. Bank of Everett et al., C.C., 81 F. 518; In re Chetwood, Petitioner, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782.

4. It is true that "at the conclusion of his trust" the liquidating agent renders a full account to the district court, which court, upon due notice and after hearing, may discharge him and his sureties, but this is the extent of the court's power or authority.

The Prosecuting Attorney contends that this court is without jurisdiction to make any determination in this matter because "the same questions were raised in the State Courts" and have now been adjudicated. This court need not, and does not, pass upon the question thus raised by the Prosecuting Attorney for the reason that the court is of opinion that it is without jurisdiction to make the order requested by the Prosecuting Attorney in his motion, that is to say, the court is of opinion that it has no right or authority or jurisdiction to order the liquidating agent to satisfy the judgment, as prayed for by the Prosecuting Attorney in his motion.

The court is likewise of opinion that it has no right or authority or jurisdiction to grant the prayer of the application of the liquidating agent, who asks the advice and direction of the court as to the allowance or rejection of the claim.

The court has no right or power either to order or advise or direct the

liquidating agent as to what he should do in the present circumstances. This is not a debt *due to* the association. It is claimed that it is an obligation *owing from or by* the association which, it is asserted, the liquidating agent should pay. Such matters must be determined by the liquidating agent. He would not be bound by, nor bound to follow, any "order" issued by this court on the present motion of the Prosecutor, nor by any "advice or direction" which the court might volunteer in compliance with his own application. There is no suit or action pending in this court wherein this court can give judgment either for or against the liquidating agent. It will be necessary for the parties and their counsel to take such further proceedings in the premises as they may deem proper.

For the reasons stated, the motion filed by the Prosecuting Attorney is overruled, and the application filed on behalf of the liquidating agent is denied. The court will enter orders accordingly, with exceptions to the respective parties.